UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA QUINONEZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOBWORKS, INC., a business entity; PUBLIC CONSULTANT GROUP, INC., a business entity; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 15-cv-1202-H-RBB<br><br>**ORDER:**<br><br>**(1) VACATING HEARING SCHEDULED FOR AUGUST 17, 2015**<br><br>**(2) DENYING MOTION TO REMAND**<br><br>[Doc. No. 4] |

On May 29, 2015, Defendant Jobworks, Inc. ("Jobworks") removed Plaintiff Ana Quinonez's state court complaint to federal court. (Doc. No. 1.) On June 27, 2015, Plaintiff filed a motion to remand the action to state court. (Doc. No. 4.) On August 3, 2015, Jobworks filed an opposition. (Doc. No. 5.) To date, Plaintiff has not filed a reply. The Court determines that the motion is fit for resolution without oral argument and submits the motion on the papers pursuant to Civil Local Rule 7.1(d). Accordingly, the Court vacates the hearing set for August 17, 2015. The Court denies the motion to remand.

/ / /

## **Background**

Plaintiff alleges that Jobworks hired her on March 2, 2009. (Doc. No. 1-4, FAC, at ¶ 9.) Plaintiff alleges that the defendants, Jobworks and Public Consultant Group, Inc. ("PCG"), manage a contract through the state of California in connection with a federal government program. (Id.) Plaintiff alleges that she disagreed with certain policies and practices implemented by her supervisers at Jobworks and PCG because she believed the policies and practices were unlawful. (Id. at ¶¶ 12-15.) Plaintiff claims she was terminated from Jobworks on August 15, 2014, shortly after voicing her concerns. (Id. at ¶ 16.) Plaintiff also claims that Jobworks sent a defamatory email regarding her departure. (Id. at ¶ 18.)

On August 27, 2014, Plaintiff issued a letter to Jobworks and PCG demanding $71,427 to settle her dispute. (Doc. No. 1-6.)

On September 23, 2014, Plaintiff filed a complaint in the California Superior Court. (Doc. No. 1-3, Compl.) The complaint asserts claims under California law for wrongful discharge in violation of public policy, defamation, violation of California Government Code § 12653, and intentional infliction of emotional distress. (Id.) Plaintiff did not specify her damages. (See id.)

On October 23, 2014, Plaintiff filed a first amended complaint. (Doc. No. 1-4, FAC.) The first amended complaint asserts the same claims under California law as the original complaint. (Id.) Again, Plaintiff did not specify her damages. (See id.) Jobworks and PCG filed answers to the first amended complaint. (Doc. No. 1-12.)

On April 30, 2015, Plaintiff issued a letter to Jobworks and PCG demanding $180,000 to settle the dispute. (Doc. No. 1-7.) Plaintiff demanded $120,000 from Jobworks and $60,000 from PCG. (Id. at 4.)

On May 29, 2015, Jobworks filed a notice of removal in this Court asserting that the case is removable under 28 U.S.C. § 1441(a) as this Court has original jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 at 2.) PCG consents to Jobworks' notice of removal. (Doc. No. 1-13 at ¶ 10; Doc. No. 1-10 at 2.)

**Discussion**

**I.    Removal Jurisdiction**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Original jurisdiction lies over "federal question" cases and "diversity" cases where the amount in controversy exceeds $75,000.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); 28 U.S.C. §§ 1331-1332.  Diversity jurisdiction under § 1332(a) requires complete diversity of citizenship.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).  That is, "each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2000).  A corporation is a citizen of every state in which it is incorporated and also where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

Additionally, § 1332(a) requires that the amount in controversy exceed $75,000. For removal purposes, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  Where a complaint does not state the amount in controversy, removal is nonetheless proper if the court finds, by a preponderance of evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

Because the present case meets the requirements of § 1332(a), removal jurisdiction is proper under § 1441(a).  Plaintiff is a citizen of California. (Doc. No. 1-4, FAC at ¶ 1.)  Jobworks is incorporated in Indiana and has its principal place of business in Indiana. (Doc. No. 1-13, James Declaration, at ¶ 8.)  PCG is incorporated in Massachusetts and has its principal place of business in Massachusetts.  (Id. at ¶ 9.) Thus, the complete diversity requirement is met.  Morris, 236 F.3d at 1067.

Jobworks submits evidence that Plaintiff demanded $180,000 to settle the case. (Doc. No. 1 at ¶ 20; Doc. No. 1-7 at 4.)  "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002).  Accordingly,

Jobworks has submitted sufficient proof that Plaintiff's claims meet the amount in controversy requirement. See 28 U.S.C. § 1332(a). Thus, there is federal jurisdiction over Plaintiff's claims.

**II.     Timeliness of Removal**

Removing parties must timely file their notice of removal. 28 U.S.C. § 1441. Under 28 U.S.C. § 1446(b), a party generally has two thirty-day periods for removing a case. See Kuxhausen v. BMW Fin. Serv. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing Carvalho v. Equifax Info. Serv., LLC, 629 F.3d 876, 885 (9th Cir. 2010)). If the case is removable on the face of the complaint, the first thirty-day period is triggered by service of the summons and complaint. Id.; 28 U.S.C. § 1446(b). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." Id. at 695. Pleadings or other paper are "indeterminate" if the jurisdictional elements are vague on the face of the complaint. Kuxhausen, 707 F.3d at 1139. When a pleading is indeterminate, a defendant is not required to investigate jurisdictional facts. Id.

A second thirty-day removal period begins when a defendant receives "an amended pleading, motion, order or other paper" from which removal can be first ascertained. § 1446(b). "A state court demand letter generally can qualify as 'other paper' within the meaning of [28 U.S.C.] section 1446(b)." Kuxhausen, 707 F.3d at 1141-42 (citing Carvalho, 629 F.3d at 885). But "'other paper" does not embrace 'any document received prior to receipt of the initial pleading.'" Kuxhausen, 707 F.3d at 1142 (quoting Carvalho, 629 F.3d at 885-86). A demand letter received prior to the initiation of a lawsuit cannot trigger the thirty-day period under section 1446(b). Id.

On August 27, 2014 Plaintiff sent a demand letter for $71,427 to settle her dispute. (Doc. No. 1-6.) On September 23, 2014, Plaintiff filed her complaint in state

court. (Doc. No. 1-3.) Plaintiff claims that Defendant should have removed the case based on the first demand letter, dated prior to the date Plaintiff filed the complaint. (Doc. No. 4; see also Doc. No. 1-6.) The Ninth Circuit has held that a demand letter received prior to initiation of a lawsuit cannot trigger the thirty-day removal period under section 1446(b). Kuxhausen, 707 F.3d at 1142. Additionally, the Ninth Circuit has "reject[ed] [the] suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." Carvalho, 629 F.3d at 886. Plaintiff's complaint and first amended complaint are both indeterminate as to the amount in controversy. (See Doc. Nos. 1-3, 1-4.) And her original demand letter was sent prior to filing the complaint. (Doc. No. 1-6.) Accordingly, Plaintiff's argument on this ground fails.

Defendants received the second settlement letter demanding $180,000 on April 30, 2015. (Doc. No. 1-7.) On May 29, 2015, Jobworks removed this case. (Doc. No. 1.) PCG consents to the removal. (Doc. No. 1-13 at ¶ 10; Doc. No. 1-10 at 2.) And Jobworks removed the case within the one-year limit under 28 U.S.C. § 1446(c). Accordingly, Jobworks timely removed the action.

### III.  Waiver of Right to Remove

A defendant may waive its right to remove a case to federal court by "tak[ing] actions in state court that manifest [its] intention to have the matter adjudicated there, and to abandon [its] right to a federal forum." Resolution Trust Co. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). But when "a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigation in state court, and accordingly, does not waive the right to remove." Id.  Moreover, "actions which are preliminary and not conclusive in character and which do not actually submit the merits of a claim for a binding decision do not constitute a waiver of [the] defendant's right to remove . . . ." Kosen v. Ruffing, 2009 WL 56040, at *6 (S.D. Cal. Jan. 7, 2009). Likewise, merely

1  filing a pleading in response to the complaint will not result in waiver. Acosta v. Direct
2  Merchants Bank, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002).

3       Defendant Jobworks did not waive its right to remove the case to this Court by
4  filing an answer and participating in discovery because those actions do not demonstrate
5  a "clear and unequivocal" desire to adjudicate the merits of the case in state court. See
6  Acosta, 207 F. Supp. 2d at 1131 (citing Resolution Trust, 43 F.3d at 1240); see also
7  Anderson v. Kaz, Inc., 2008 WL 2477559, at *2-3 (D. Or. June 12, 2008) (finding
8  plaintiff who requested one set of discovery from defendant after removal to federal
9  court did not waive his right to move for remand); Bolden v. Healthspring of Ala., Inc.,
10 2007 WL 4403588, at *1 (S.D. Ala. Oct. 2, 2007) (finding the serving of deposition
11 notices and written discovery requests was not substantial defensive action that would
12 waive the right to remove case to federal court). Nor does attending a mandatory case
13 management conference constitute waiver. See Kuxhausen, 707 F.3d at 1142 (reversing
14 remand order despite the defendant's participation in case management conference);
15 Oster v. Standard Life Ins. Co., 2009 WL 1260174, at *1 (N.D. Cal. May 6, 2009)
16 ("Waiver will not occur, however, when the defendant's participation in the state action
17 has not been substantial or was dictated by the rules of that court."). Defendants
18 represent that they have not sought affirmative or dispositive relief in state court. (See
19 Doc. No. 5 at 2, 7-8.) Plaintiff has not shown otherwise. Therefore, Plaintiff's argument
20 regarding waiver is unavailing.

21                                 **Conclusion**

22      Plaintiff's case is an action over which federal courts have original jurisdiction.
23 Jobworks timely removed the action and the defendants did not waive their right to
24 remove. Accordingly, the Court denies Plaintiff's motion to remand.

25      **IT IS SO ORDERED**.

26 DATED: August 13, 2015

27 
28                                   _____
                                  MARILYN L. HUFF, District Judge
                                  UNITED STATES DISTRICT COURT